**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The JOHN J. CORBETT PRESS, INC., Respondent.**

**No. 80, Docket 32186.**

United States Court of Appeals Second Circuit.

Argued Oct. 1, 1968.

Decided Oct. 17, 1968.

Elliott Moore, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel), for petitioner.

Robert I. Berdon, New Haven, Conn. (Berdon, Berdon & Young, New Haven, Conn., David D. Berdon, Pasquale Young, New Haven, Conn., on the brief), for respondent.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

The Board seeks enforcement of an order based upon a finding that respondent violated Section 8(a) (5) of the National Labor Relations Act, 29 U.S.C. § 158(a) (5) (1964),[1] by refusing to sign a collective bargaining agreement negotiated with the New Haven Typographical Union, No. 47, by a multi-employer bargaining unit of which respondent was a member. Since we find that the Board's action is supported by the record, we grant enforcement.

The evidence credited by the Board reveals the following:

For some fifteen years respondent has bargained with the union as a member of a multi-employer bargaining unit known as "New Haven Employing Printers." Each of the collective agreements thus negotiated has been embodied in a single document and signed by officials of the employing companies.

Negotiations for a collective agreement to run from March 1, 1965 began in February 1965 and continued into November of that year. The parties had reached agreement on "pretty near everything" except a pension plan. The union was to submit the proposed agreement to a vote of its membership. On December 8, 1965, respondent sent the following letter to Wayne Elwell, the chairman of the bargaining committee for the employers (with a copy to the union):

"Dear Mr. Elwell:

The Members of International Typographical Union Local 47, have left the positions they held in my composing room. There are no longer any I.T.U. members employed at Corbett Press.

I, therefore, am withdrawing from the New Haven Union Employing Printers Multiple Bargaining Unit, which negotiates with I.T.U. Local 47, effective immediately.

I withdraw my designation of authority from this group to represent me in future negotiations with International Typographical Union, Local 47.

Very truly yours,

THE JOHN J. CORBETT PRESS

/s/ Robert E. Frankes
Robert E. Frankes
Vice President."

---

1. The Board also made the usual incidental finding of a violation of Section 8(a) (1), 29 U.S.C. § 158(a) (1) (1964).

Thereafter, the contract negotiations between the employers and the union were completed and agreement was reached. The union requested respondent to sign the collective agreement but respondent refused. The union then filed the unfair labor practice charge which has led to the present proceeding.

■ A member of the multi-employer bargaining unit is required to sign a collective agreement negotiated in his behalf by representatives of the unit. NLRB v. Sheridan Creations, Inc., 357 F.2d 245 (2d Cir. 1966), cert. denied, 385 U.S. 1005, 87 S.Ct. 711, 17 L.Ed.2d 544 (1967).

■ When a member of a multi-employer bargaining unit attempts to withdraw from the unit during negotiations his withdrawal is "untimely" and therefore ineffectual to relieve him from the obligations of any agreement that is ultimately reached, absent special circumstances or consent by the union. NLRB v. Sheridan Creations, Inc., supra; NLRB v. Spun-Jee Corp., 385 F.2d 379, 381–82 (2d Cir. 1967).

Respondent advances a number of arguments as to why it should be relieved from the obligation to execute the collective agreement negotiated with the union by the multi-employer unit from which it sought to withdraw.

■ In the first place respondent claims that the union "acquiesced" in its withdrawal from the multi-employer unit. The claim is highly technical, since it is based on the union's silence and inaction and on such "overt acts as requesting return of the union labels." It is clear that at no time did the union intend to consent to the respondent's withdrawal. The union was under no duty to "protest" in any formal manner and the Board properly held that nothing done or omitted by the union excused respondent's unfair labor practice.

■ Citing the opinion of this court in NLRB v. Spun-Jee Corp., supra, respondent argues that the withdrawal which would otherwise be untimely was justified by "special circumstances." The circumstances to which respondent refers are that at the time of its withdrawal (1) it no longer had any union employees and (2) the negotiations had reached an impasse. Corbett discharged its union employees during the course of the negotiations. Since several months later the General Counsel declined to bring an unfair labor practice charge, it must be assumed for purposes of this proceeding that the discharge was not improper under the Act. However the presence or absence of employees who belonged to the union is irrelevant to respondent's duty to bargain and to execute the completed agreement. It is clear from the record that the parties at no time reached an impasse and that at the time of respondent's withdrawal the negotiations, although they had been somewhat protracted, were continuing normally.

In its letter of withdrawal respondent states that it is "withdrawing from the New Haven Union Employing Printers Multiple Bargaining Unit." It now claims that there never was such a unit, that the bargaining history showed only "collective discussion." The Board was clearly correct in its finding that the employers constituted a multi-employer unit.

Respondent's two remaining contentions merit no discussion. The objection to the form of the Board's complaint is not even technically justified. The claim that the contract is illegal because it contains clauses under which foremen are included in the union, is readily disposed of by reference to NLRB v. News Syndicate Co., 365 U.S. 695, 699–700, 81 S.Ct. 849, 6 L.Ed.2d 29 (1961).

The Board's petition for enforcement of its order is granted.