**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Mor PASKESZ, Respondent.**

**No. 289, Docket 32690.**

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1969.

Decided Jan. 30, 1969.

Peter Kinzler (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Warren M. Davison, Washington, D.C., Attorney), for petitioner.

Stanley S. Cohen, New York City (Cohen & Cooper, New York City, Ivan N. Cooper, New York City, of counsel), for respondent.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

## PER CURIAM:

Respondent, a minuscule sportswear manufacturer, having had at times as few as four employees, was a member of Infants' and Children's Novelties Association, Inc., which bargained with two locals of International Ladies' Garment Workers Union on behalf of about 200 members. The 1964–67 contract was due to expire on May 31, 1967. On December 22, 1966, the Union gave notice of intent to negotiate a new contract; bargaining began in February 1967; the negotiators reached agreement on May 26; the Association's directors ratified it in mid-June; and a new 3-year contract was executed in September. Beginning in February 1967 Paskesz failed to pay his $20 per month dues to the Association. On May 1 it advised him that he would be suspended unless he paid up within five days. He did not and was suspended on May 15. Learning of this, the Union advised him that under the terms of the current contract he must post cash security with it and that, for the future, he must do the same and sign the same agreement as the Association, unless he regained status therein. He refused, and a strike followed. In July Paskesz indicated to the Union that he would "straighten out" with the Association if the Union would relieve him of a requirement in the contract that he considered burdensome; the Union declined. On these facts the Board found Paskesz had violated §§ 8 (a) (5) and (1) by repudiating the new contract negotiated by the Association and ordered him to adopt it.

In light of our decision in NLRB v. Sheridan Creations, Inc., 357 F.2d 245 (2 Cir. 1966), cert. denied, 385 U.S. 1005, 87 S.Ct. 711, 17 L.Ed.2d 544 (1967), respondent does not dispute the validity of the rule, announced in Retail Associates, Inc., 120 N.L.R.B. 388, 395 (1958), that, absent union consent or "unusual circumstances," a member of a multiemployer bargaining group may not withdraw therefrom after bargaining for a new contract has begun. See also NLRB v. John J. Corbett Press, Inc., 401 F.2d 673 (2 Cir. 1968). Apart from his claim of union consent, which is manifestly unmeritorious, his defense lies in a distinction between voluntary withdrawal and suspension. We need not consider whether a suspension for reasons beyond a member's control would constitute "unusual circumstances" requiring a dispensation from the Retail Associates rule either under its own terms or on more basic grounds. See NLRB v. Spun-Jee Corp., 385 F.2d 379, 381–382 (2 Cir. 1967); U. S. Lingerie Corp., 170 N.L.R.B. No. 77 (1968), 67 L.R.R.M. 1482 [bankruptcy predating withdrawal from negotiations held to be

an unusual circumstance]. The Board was warranted in finding that Paskesz could have paid the $80 of arrearages and that he allowed himself to be suspended because he did not wish to be bound by the new contract. The Board was also justified in refusing to recognize any significant distinction between such a suspension and a voluntary withdrawal.

Enforcement granted.